Matter of Michelsen v City Univ. of N.Y. (2020 NY Slip Op 02105)





Matter of Michelsen v City Univ. of N.Y.


2020 NY Slip Op 02105


Decided on March 26, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2020

Friedman, J.P., Manzanet-Daniels, Gesmer, González, JJ.


11301 100112/18 1045/19

[*1]In re Charles Thomas Michelsen,Petitioner-Appellant,
v
The City University of New York, et al., Respondents-Respondents.


Charles T. Michelsen, appellant pro se.
Letitia James, Attorney General, New York (David Lawrence III of counsel), for respondents.



Judgment, Supreme Court, New York County (Carmen Victoria St. George, J.), entered October 5, 2018, denying the petition to annul the determination of respondent City University of New York (CUNY), dated September 25, 2017, which dismissed petitioner from the Hunter College School of Education, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Respondents' decision to dismiss petitioner from their masters in education program was not irrational, arbitrary and capricious, or contrary to law (see Matter of Madison County Indus. Dev. Agency v State of N.Y. Auths. Budget Off., 33 NY3d 131, 135 [2019]; see also Tedeschi v Wagner Coll., 49 NY2d 652, 658 [1980]). Respondents rationally dismissed petitioner from the program on account of his longstanding unprofessional behavior in connection with his fieldwork placements, arguably the most important aspect of his training in becoming a teacher.
We reject petitioner's contention that his dismissal should have been governed by CUNY's procedures for "disciplinary offenses," which call for formal charges and a disciplinary hearing. The conduct giving rise to petitioner's termination raised academic issues, which do not require that respondent issue formal charges or afford petitioner an administrative hearing. Petitioner's argument that the Hunter School of Education lacked sufficient authority to enact the new fieldwork policy, as opposed to relying on the existing academic policy, which did not apply to him, is without merit. Petitioner cites no authority to support his contention that an educational division must be an independent legal entity to create policies that govern its programs.
Petitioner's argument that his dismissal infringed on his First Amendment rights is also without merit. Petitioner maintains that respondents improperly and unlawfully dismissed him solely because he was their "loudest, most articulate, and least politically-correct critic." However, he made no showing that it was his expression of conservative political views, as opposed to his continued unprofessional and insubordinate conduct in his student teaching positions in violation of respondents' fieldwork policy, that was the basis for his dismissal.
We have considered petitioner's remaining contentions and find them without merit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2020
CLERK